1

2

3 I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
4 RECORD IN THIS ACTION ON THIS DATE.

DATED: 2-11-08
5

6 DEPUTY CLERK

7

8



9

10

11

12                                          )        Case No. EDCV 08-170-VAP  (MLG)
                                            )
13 JOVAUGHN WAMPOON ALLEN,                   )        ORDER TO SHOW CAUSE WHY PETITION
                                            )        SHOULD NOT BE DISMISSED AS
14              Petitioner,                  )        UNTIMELY FILED
                                            )
15              v.                           )
   V.M. ALMAGER, WARDEN,                     )
16                                          )
                Respondent.                  )
17 ─────────────────────────────────────    )

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

18      Petitioner is a state prisoner. He filed this petition for writ

19 of habeas corpus on February 7, 2008. The petition claims that on

20 October 30, 1996, Petitioner was convicted, following a jury trial

21 in the San Bernardino County Superior Court, of second degree murder,

22 with an enhancement for personal use of a firearm, in violation of

23 California Penal Code §§ 187 and 12022.5(a). On December 4, 1996,

24 Petitioner was sentenced to a term of 25 years to life plus ten years

25 in prison.  At the time he was sentenced, Petitioner was sixteen

26 years old.

27      Petitioner states that on March 11, 1998, his conviction was

28 affirmed in part, modified in part, and reversed in part on direct

1  appeal to the California Court of Appeal.[1]  It does not appear that
2  a request for review was filed in the California Supreme Court.
3       On March 29, 2006, Petitioner filed a petition for writ of
4  habeas corpus in the San Bernardino County Superior Court. (Pet., p.
5  4, Case No. SWHSS-8700.)  The petition was denied on April 6, 2006.
6       Petitioner filed a habeas corpus petition in the California
7  Court of Appeal on May 31, 2006. The appellate court denied the
8  petition on June 7, 2006. (Id.)
9       Petitioner then filed a petition for writ of habeas corpus in
10 the California Supreme Court on July 18, 2006, which was denied on
11 February 7, 2007. (Pet., Case No. S145143).  This petition followed.
12      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in
13 the United States District Court, a district court may summarily
14 dismiss a habeas petition, *before the respondent files an answer,*
15 "[i]f it plainly appears from the face of the petition ... that the
16 petitioner is not entitled to relief." The notes to Rule 4 state: "a
17 dismissal may be called for on procedural grounds, which may avoid
18 burdening the respondent with the necessity of filing an answer on
19 the substantive merits of the petition." *See Boyd v. Thompson,* 147
20 F.3d 1124, 1127-28 (9th Cir. 1998). District courts are permitted to
21 consider, *sua sponte,* the timeliness of a petition for writ of habeas
22 corpus filed under 28 U.S.C. § 2254. *Day v. McDonough,* 126 S. Ct.
23 1675, 1683-84 (2006).
24      It appears from the face of the pleading that this petition is
25 barred by the one-year limitations period of 28 U.S.C. § 2244. The
26 statute of limitations under the Antiterrorism and Effective Death
27
28
---
     [1] Petitioner does not describe the specifics of the decision and
the Court is unable to find any record of the decision.

2

1   Penalty Act of 1996 ("AEDPA") applies to Petitioner's presentation
2   of claims in this Court as it was filed after April 24, 1996, the
3   date of the enactment of AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 326-27
4   (1997); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).
5   28 U.S.C. § 2244(d)(1) imposes a one-year statute of limitations on
6   federal habeas petitions by persons in custody pursuant to state
7   court judgments. *See Tillema v. Long*, 253 F.3d 494, 498 (9th Cir.
8   2001); *Patterson*, 251 F.3d at 1245. Under AEDPA, Petitioner has one
9   year from "the date on which the judgment became final by the
10  conclusion of direct review or the expiration of the time for seeking
11  such review." 28 U.S.C. § 2244(d)(1)(A). Where a petitioner does not
12  complete direct review, the limitations period begins to run the day
13  after the date upon which the time to seek direct review expires.
14  *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002).

15       However where, as here, a petitioner does not seek direct review
16  or does not complete direct review, the limitations period begins to
17  run the day after the date upon which the time to seek direct review
18  expires. *Smith v Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002).   In
19  Petitioner's case, the conclusion of direct review occurred on April
20  20, 1998, 40 days after the California Court of Appeal issued its
21  decision on direct appeal. *Cal. R. Ct.* 24(b)(1), 27.5(e).[2]
22  Accordingly, Petitioner had until April 20, 1999 in which to timely
23  file a petition for writ of habeas corpus in this court. *See
24  Patterson*, 251 F.3d at 1245.
25  //
26  //
27  _____
28       [2] These rules are now designated as *Cal. R. Ct.* 8.264(b)(1) and
    8.500(e)(1).

3

1   This petition was not filed until February 7, 2008, more than
2   eight years too late. Absent the benefit of some type of statutory[3]
3   or equitable[4] tolling which would extend the time for filing the
4   petition, the petition is untimely. Here, there does not appear to
5   be any basis upon which to extend the limitations period for the more
6   than eight years between the expiration of the limitations period and
7   the filing of the petition. While Petitioner did file state court
8   petitions for habeas corpus, statutory tolling does not apply to the
9   period during which Petitioner's state habeas corpus petitions were
10  pending, i.e., from March 29, 2006 to February 7, 2007, for it is
11  well established that the filing of a state post conviction petition
12  cannot restart the limitation clock under §2244(d)(2) once it has
13  expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003);
14  *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000); *Webster v. Moore*,
15  199 F.3d 1256, 1259 (11th Cir. 2000); *Rash v. Kuhlmann*, 991 F.Supp
16  254, 259 (S.D.N.Y. 1998). The limitations period in this case
17  expired on April 20, 1999, more than seven years before petitioner
18  filed his first state habeas corpus petition.
19  //

20
21      [3] 28 U.S.C. § 2244(d)(2) states: "The time during which a properly
    filed application for State post-conviction or other collateral review
22  with respect to the pertinent judgment or claim is pending shall not be
    counted toward any period of limitation under this subsection." *Duncan
23  v. Walker*, 533 U.S. 167, 181-182 (2001).

24      [4] The United States Court of Appeals for the Ninth Circuit has held
    that AEDPA's one-year statute of limitations may be equitably tolled if
25  "extraordinary circumstances beyond a prisoner's control make it
    impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796,
26  799 (9th Cir. 2003)(quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202
    (9th Cir. 2003)). The prisoner has the burden of showing that the
27  extraordinary circumstances were the proximate cause of his
    untimeliness. *Id.* (citing *Stillman*, 319 F.3d at 1203); *see also
28  Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *Miles v. Prunty*,
    187 F.3d 1104, 1107 (9th Cir. 1999).

4

1    It appearing from the face of the petition that it is barred by

2  the one year limitations period, it is hereby ORDERED that Petitioner

3  show cause in writing on or before March 11, 2008 why this petition

4  should not be summarily dismissed as untimely.[5]  **As part of this**

5  **response, Petitioner must provide the Court with any information and**

6  **evidence which might warrant the application of equitable or**

7  **statutory tolling.**

8

9  Dated: February 11, 2008

10

11

12                                    _____

13                                    Marc L. Goldman
                                      United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27       [5] Before acting on its own initiative to dismiss a petition as
   untimely, the Court must accord the petitioner an opportunity to
28  present his position on the timeliness issue. *Day,* 126 S. Ct. at 1684.